UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AZUOWOH ROTIMI,

    Plaintiff,

v.

JODY FARABELLA, et al.,

    Defendants.

Civil No. 20-15444

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

ROTIMI A. OWOH
THE LAW OFFICE OF ROTIMI OWOH
100 OVERLOOK DRIVE
2nd FLOOR
PO BOX 2439
PRINCETON, NJ 08540

    *Plaintiff appearing pro se*

A. MICHAEL BARKER
BARKER,GELFAND & JAMES
LINWOOD GREENE
210 NEW ROAD
SUITE 12
LINWOOD, NJ 08221

    *Counsel on behalf of Defendants*

WHEREAS, on November 3, 2020, Plaintiff filed a Motion to Remand this case to Cumberland County State Court ("First Motion to Remand"), which included a proposed Amended Complaint purportedly removing all federal claims (ECF No. 2); and

WHEREAS, on November 6, 2020, the Court ordered counsel to meet and confer to determine whether the Defendants consented or

1

objected to Plaintiff filing the proposed Amended Complaint and Plaintiff's First Motion to Remand (ECF No. 6); and

WHEREAS, on November 10, 2020, Defendants advised the Court they were unable to secure an assurance from Plaintiff that all federal claims would be abandoned and thus Defendants objected to Plaintiff filing the proposed Amended Complaint (ECF No. 7); and

WHEREAS, on November 24, 2020, Plaintiff filed his First Motion to Amend and certified that Plaintiff "no longer wants to remand this matter to state court" (ECF No. 9); and

WHEREAS, on December 9, 2020, the Amended Complaint, which plead five counts under state and federal laws and added an additional defendant, was electronically filed and served (ECF No. 13); and

WHEREAS, on December 24, 2020, Defendants filed an Answer to the Amended Complaint (ECF No. 14); and

WHEREAS, on January 21, 2021, Plaintiff filed a renewed motion to amend to remove federal claims and to remand to state court ("Second Motion to Amend and Second Motion to Remand") (ECF Nos. 16-17); and

WHEREAS, on February 2, 2021, Defendants moved for the Court to order Plaintiff to comply with Local Civil Rules, which require a motion to amend a pleading to include: "a form of the amended pleading that shall indicate in what respects it differs

2

from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining material to be added" (ECF No. 19); and

WHEREAS, on March 18, 2021, the Court denied Plaintiff's Second Motion to Amend to remove all federal claims because such motion failed to comply with the Local Civil Rules. The Court permitted Plaintiff an additional opportunity to seek leave to amend his Complaint in a manner compliant with the Local Civil Rules (ECF No. 25); and

WHEREAS, on March 19, 2021, the Court denied Plaintiff's First Motion to Remand, which was based on the removal of federal causes of actions, as moot because the Amended Complaint, later filed on December 9, 2020, included federal causes of actions that allowed this Court to retain original jurisdiction; and

WHEREAS, on March 19, 2021, the Court also denied Plaintiff's Second Motion to Remand because the operative complaint following the denial of Plaintiff's Motion to Amend on March 18, 2021 was the Amended Complaint filed on December 9, 2020, which included federal causes of actions that allowed this Court to retain original jurisdiction; and

WHEREAS, on March 25, 2021, Plaintiff filed a renewed motion to amend to remove federal claims ("Third Motion to Amend") and remand to state court ("Third Motion to Remand")

(ECF No. 27-28); and

WHEREAS, on May 19, 2021, the Court ordered the Defendants to advise the Court as to their position regarding Plaintiff's Third Motion to Amend and Third Motion to Remand; and

WHEREAS, on May 24, 2021, Defendants notified the Court that they do not oppose Plaintiff's Third Motion to Amend and Third Motion to Remand because the only claims in the proposed Amended Complaint are: (1) violation of the New Jersey Law against Discrimination; and (2) violation of "New Jersey Laws Against Retaliation;" and

WHEREAS, Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading . . . with the opposing party's written consent or the court's leave."  Leave to amend is to be freely granted unless there is a reason for denial, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Arthur v. Maersk, 434 F.3d 196, 204 (3d. Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility.").  The Court finds Defendants have not set forth any reasons that justify denying Plaintiff's Third Motion to Amend, such as bad faith, undue delay, futility,

or prejudice to Defendants.  Therefore, Plaintiff's Third Motion to Amend will be GRANTED; and

WHEREAS, having granted Plaintiff's Third Motion to Amend to omit from the amended pleading the sole basis for original jurisdiction, this Court next considers whether it should retain supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367.  "It is axiomatic that once subject matter attaches it must ordinarily be exercised." Scaffidi v. Hammonton Bd. of Educ., No. 20-8534, 2020 U.S. Dist. LEXIS 243289, at *5 (D.N.J. Dec. 28, 2020).  "However, 'when all federal claims against a party have been eliminated from a case, the district court may, in its discretion, decline to extend supplemental jurisdiction over the remaining state law claims.'" Id. at *6 (quoting Rothman v. City of Northfield, 716 F. Supp. 2d 369, 373 (D.N.J. 2010)).  "Where the federal claims are dismissed at an early stage in litigation, courts generally decline to exercise supplemental jurisdiction over state law claims."  Id. (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Growth Horizons, Inc. v. Delaware Cty., Pa., 983 F.2d 1277, 1284-1285 (3d Cir. 1993)); and

WHEREAS, in this case, as Plaintiff is voluntarily omitting the only claims over which this Court may have had original subject matter jurisdiction at an early stage in the litigation, the Court declines to exercise supplemental jurisdiction over

5

Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).  Accordingly, Plaintiff's Third Motion to Remand will be GRANTED.

THEREFORE,

IT IS on this 13th day of July, 2021

ORDERED Plaintiff's Third Motion to Amend (ECF No. 27) be, and the same hereby is, GRANTED; and it is further

ORDERED Plaintiff's Third Motion to Remand (ECF No. 28) be, and the same hereby is, GRANTED; and it is further

ORDERED that Plaintiff shall file the proposed Amended Complaint attached to Plaintiff's Third Motion to Amend in this action within three (3) days; and it is further

ORDERED that upon the filing of the Amended Complaint in this action, this action shall be remanded to the Superior Court of New Jersey, Cumberland County, Law Division, and the Clerk of Court shall then mark this matter as closed.

At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.